# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SEIU 775, a labor organization,<br><br>Appellant,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and EVERGREEN FREEDOM FOUNDATION d/b/a FREEDOM FOUNDATION,<br><br>Respondents. | No. 48881-7-II<br><br><br><br>PUBLISHED OPINION |

MAXA, A.C.J. – The Freedom Foundation (Foundation) made a public records request to the Department of Social and Health Services (DSHS) seeking the times and locations of contracting appointments and training presentations for individual providers (IPs), who provide personal care services to functionally disabled persons. SEIU 775, the union that represents the IPs, sought preliminary and permanent injunctions preventing DSHS from disclosing the requested information.

SEIU appeals the trial court's denial of its request for an injunction. SEIU argues that provisions of the Public Employees Collective Bargaining Act (PECBA), chapter 41.56 RCW, provide an "other statute" exemption to the Public Records Act (PRA) under RCW 42.56.070(1)

because DSHS's disclosure of the records to the Foundation would constitute an unfair labor practice in violation of the PECBA.

We hold that the PECBA does not provide an "other statute" exemption under the PRA because it does not expressly prohibit or exempt the release of specific records or information. Accordingly, we affirm the trial court's denial of SEIU's request for an injunction to prevent DSHS from disclosing the records the Foundation requested.

FACTS

SEIU is the collective bargaining representative in Washington for all IPs. The Foundation is a Washington-based organization with a stated purpose of educating public employees, including IPs, about their constitutional right not to join or pay dues to public sector unions.

DSHS requires IPs to attend contracting appointments and safety and orientation training presentations. These meetings generally take place at DSHS facilities and are not open to the public. Under the collective bargaining agreement between SEIU and the State, the State provides time during these meetings for an SEIU representative to meet with the IPs.

On January 12, 2016, the Foundation submitted a public records request to DSHS for certain information about meetings involving IPs. The request specifically sought "[t]he times and locations of all contracting appointments for individual providers" and "[t]he times and locations of any state-sponsored or facilitated opportunities for individual providers to view the initial safety and orientation training videos . . . held or to be held between November 1, 2015 and December 31, 2016." Clerk's Papers at 95.

DSHS determined that it had responsive records and that the records were not subject to any exemptions preventing disclosure. DSHS notified SEIU of its intent to release the requested records to the Foundation.

SEIU filed suit for declaratory and injunctive relief, and then filed a motion for a preliminary injunction to enjoin DSHS from releasing the records. SEIU argued that the records were subject to an "other statute" exemption under the PRA, asserting that the PECBA is a statute that prohibits the disclosure of the requested records. SEIU believed, based on the Foundation's previous actions, that the Foundation sought the information about the IPs' meetings in order to show up at the meeting times and discourage the IPs from participating in the union.

Pursuant to CR 65(a)(2), the trial court consolidated the hearing on SEIU's preliminary injunction motion with a hearing on a permanent injunction. The court denied injunctive relief, ruling that SEIU failed to satisfy its burden of showing that an exemption to the PRA applied. The trial court exercised its equitable powers to restrain DSHS from releasing the records for 14 days, in order to allow SEIU to file an appeal.

SEIU appealed the trial court's denial of a preliminary and permanent injunction. We subsequently enjoined DSHS from releasing the requested information until resolution of SEIU's appeal.

ANALYSIS

A.    PRA DISCLOSURE

The PRA mandates the broad disclosure of public records. *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016). Therefore, a state agency has an affirmative

obligation to disclose records requested under the PRA unless a specific exemption applies. *Id.* at 371-72. And we must liberally construe the PRA in favor of disclosure and narrowly construe its exemptions. RCW 42.56.030; *Wash. State Patrol*, 185 Wn.2d at 371.

Although the PRA encourages openness and transparency, the legislature has made certain records exempt from disclosure. *Wash. State Patrol*, 185 Wn.2d at 371. There are three sources of PRA exemptions: (1) enumerated exemptions contained in the PRA itself, (2) any "other statute" that exempts or prohibits disclosure as provided in RCW 42.56.070(1), and (3) the Washington Constitution. *White v. Clark County*, 188 Wn. App. 622, 630-31, 354 P.3d 38 (2015), *review denied*, 185 Wn.2d 1009 (2016). The party seeking to prevent disclosure of requested records has the burden of establishing that an exemption applies. *SEIU Healthcare 775NW v. Dep't of Soc. & Health Servs.*, 193 Wn. App. 377, 391, 377 P.3d 214, *review denied*, 186 Wn.2d 1016 (2016).

RCW 42.56.540 allows an interested third party to seek to enjoin an agency's disclosure of records to a requester under the PRA. *Wash. State Patrol*, 185 Wn.2d at 370. Under this statute, the party seeking an injunction must show that (1) the record specifically pertains to that party, (2) an exemption applies, and (3) disclosure would not be in the public interest and would substantially and irreparably harm the party or a vital governmental function. *SEIU Healthcare*, 193 Wn. App. at 392. The party seeking the injunction has the burden of proof. *Wash. State Patrol*, 185 Wn.2d at 370.

We review de novo a trial court's actions under the PRA and the injunction statute. *Id.* at 370-71.

B.    "OTHER STATUTE" EXEMPTION

SEIU argues that two provisions of the PECBA, RCW 41.56.040 and RCW 41.56.140,

together provide an "other statute" exemption under the PRA.  We disagree.[1]

1.    Legal Principles

The "other statute" exemption is found in RCW 42.56.070(1): "Each agency, in

accordance with published rules, shall make available for public inspection and copying all

public records, *unless the record falls within the specific exemptions of . . .* this chapter, *or other*

*statute which exempts or prohibits disclosure of specific information or records*." (Emphasis

added.)  Whether a statute is an "other statute" under RCW 42.56.070(1) is a question of law that

we review de novo.  *Wash. State Patrol*, 185 Wn.2d at 371.

The Supreme Court in *Washington State Patrol* emphasized that an "other statute"

exemption applies only if that statute explicitly identifies an exemption and that a court cannot

imply such an exemption.  *Id.* at 372.  The court stated:  "[W]e will find an 'other statute'

exemption only when the legislature has made it explicitly clear that a specific record, or

portions of it, is exempt or otherwise prohibited from production in response to a public records

request."  *Id.* at 373.  The statute "does not need to expressly address the PRA, but *it must*

*expressly prohibit or exempt the release of records*."  *Id.* at 372 (emphasis added).

In *Washington State Patrol*, the Supreme Court concluded that "courts consistently find a

statute to be an 'other statute' when the plain language of the statute makes it clear that a record,

---

[1] Even if we held that the PECBA provides an "other statute" exemption to the PRA, SEIU would have to show that DSHS's release of the requested records here would constitute an unfair labor practice.  It is difficult to conceive of a situation where complying with a PRA request would constitute an unfair labor practice.  But we need not address this issue here.

or portions thereof, is exempt from production." *Id.* at 375. The court reviewed several cases applying an "other statute" exemption that support this proposition. *Id.* at 375-77.

In *Fisher Broadcasting-Seattle TV LLC v. City of Seattle*, the Supreme Court held that RCW 9.73.090(1)(c) provided an "other statute" exemption for dashboard camera videos. 180 Wn.2d 515, 527-28, 326 P.3d 688 (2014). That statute provided that "[n]o sound or video recording [made by a dashboard camera] may be duplicated and made available to the public . . . until final disposition of any criminal or civil litigation which arises from the event or events which were recorded." RCW 9.73.090(1)(c).

In *Ameriquest Mortgage Company v. Office of the Attorney General*, the Supreme Court held that the federal Gramm–Leach–Bliley Act (GLBA)[2] and certain Federal Trade Commission rules enacted pursuant to the GLBA provided an "other statute" exemption. 170 Wn.2d 418, 439-40, 241 P.3d 1245 (2010). That statute and related rules concerned privacy of bank customers' personal information and provided that "the receiving nonaffiliated third party may not reuse or redisclose the nonpublic personal information to another nonaffiliated third party unless an exception applies or the reuse or redisclosure would be lawful if done by the financial institution." *Ameriquest*, 170 Wn.2d at 426 (citing 15 U.S.C. § 6802(c) and 16 C.F.R. § 313.11(c)-(d)).

In *Hangartner v. City of Seattle*, the Supreme Court held that RCW 5.60.060(2)(a), the attorney-client privilege statute, provided an "other statute" exemption. 151 Wn.2d 439, 453, 90 P.3d 26 (2004). That statute stated that "[a]n attorney or counselor shall not, without the consent

---

[2] 15 U.S.C. §§ 6801-6809.

of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment." RCW 5.60.060(2)(a)[3].

In *Planned Parenthood of the Great Northwest v. Bloedow*, Division One of this court held that RCW 43.70.050(2) provided an "other statute" exemption for records of induced abortions. 187 Wn. App. 606, 623, 350 P.3d 660 (2015). That statute stated that health care data "shall not be disclosed" when the patient or health care provider could be identified. RCW 43.70.050(2).

In *Wright v. Department of Social and Health Services*, this court held that chapter 13.50 RCW provided an "other statute" exemption for juvenile justice records. 176 Wn. App. 585, 597, 309 P.3d 662 (2013). RCW 13.50.100(2) stated that "[r]ecords covered by this section shall be confidential and shall be released only pursuant to this section and RCW 13.50.010."

The Supreme Court in *Washington State Patrol* essentially endorsed the holdings in these cases. Conversely, the court noted that courts will not find an "other statute" exemption when a statute is not explicit. 185 Wn.2d at 377. The court referenced this court's decision in *Belo Management Services, Inc. v. Click! Network*, 184 Wn. App. 649, 343 P.3d 370 (2014). In *Belo*, the court addressed whether federal regulations allowing parties who submit materials to the Federal Communications Commission to request that the information "not be made routinely available for public inspection," 47 C.F.R. § 0.459(a)(1), precluded disclosure of retransmission consent agreements (RCAs). *Id.* at 660. The court held that these regulations did not provide an "other statute" exemption because they did not "specifically state that RCAs are confidential and

---

[3] RCW 5.60.060 has been amended since the events of this case transpired. However, these amendments do not impact the statutory language relied on by this court. Accordingly, we do not include the word "former" before RCW 5.60.060.

protected from disclosure" and did not "preclude disclosure of any *specific* information or records." *Id.* at 660-61.

In *Washington State Patrol* itself, the Supreme Court held that RCW 4.24.550 did not provide an "other statute" exemption for information regarding sex offenders. 185 Wn.2d at 384-85. That statute stated that public agencies are authorized to release information regarding sex offenders in certain situations and provided guidelines for local law enforcement to consider when deciding whether to disclose such information. RCW 4.24.550(1)-(3). The court noted that "[t]here is no language in the statute that prohibits an agency from producing records" and that "[t]he plain language of RCW 4.24.550 does not explicitly exempt any records from production." *Wash. State Patrol*, 185 Wn.2d at 377.

### 2. PECBA Provisions

SEIU relies on the PECBA in an effort to prevent disclosure of the requested records. The purpose of the PECBA is "to promote the continued improvement of the relationship between public employers and their employees," by regulating the "right of public employees to join labor organizations of their own choosing and to be represented by such organizations in matters concerning their employment relations with public employers." RCW 41.56.010.

> RCW 41.56.040 prohibits interference with public employees' right to organize:
>
> No public employer, or other person, shall directly or indirectly, interfere with, restrain, coerce, or discriminate against any public employee or group of public employees in the free exercise of their right to organize and designate representatives of their own choosing for the purpose of collective bargaining, or in the free exercise of any other right under this chapter.

RCW 41.56.140 states that it is an unfair labor practice for a public employer to engage in certain conduct, including "(1) To interfere with, restrain, or coerce public employees in the

exercise of their rights guaranteed by this chapter" and "(2) To control, dominate, or interfere with a bargaining representative."

Significantly, no PECBA provision prohibits a public employer from releasing records or even addresses the release of records. And no PECBA provision addresses the privacy or confidentiality of information.

3. "Other Statute" Analysis

SEIU argues that the PECBA and specifically RCW 41.56.040 and RCW 41.56.140 provide an "other statute" exemption to the PRA when a public employer's release of records would constitute an unfair labor practice in violation of those provisions. SEIU asserts that the PECBA expressly prohibits a public employer from committing an unfair labor practice and that DSHS's release of the requested records here would constitute an unfair labor practice. As a result, SEIU claims that the PECBA prohibits the release of the requested records and therefore provides an "other statute" exemption.

However, the Supreme Court in *Washington State Patrol* stated that to qualify as an "other statute" under RCW 42.56.070(1), a statute must explicitly exempt or prohibit from production a "specific record." 185 Wn.2d at 373. The court emphasized that although the statute need not reference the PRA, it "must expressly prohibit or exempt the release of records." *Id.* at 372. The PECBA does not explicitly exempt or prohibit the release of records or information that would constitute an unfair labor practice. In fact, the PECBA does not even mention any records or information. Holding that the PECBA provides an "other statute" exemption would require us to imply such an exemption, which *Washington State Patrol* expressly prohibits. *Id.* If the legislature had wanted to prevent the disclosure of information

9

related to public employees and their unions, it could have done so expressly through explicit language.

SEIU argues that *Washington State Patrol* is consistent with its position because in applying the rule stated in that case, the court favorably discussed cases that analyzed statutes which did not expressly deal with records disclosure. SEIU refers to *Hangartner*, 151 Wn.2d at 453, and *Progressive Animal Welfare Society v. University of Washington* (*PAWS* II), 125 Wn.2d 243, 262, 884 P.2d 592 (1994).

*Hangartner* does not support SEIU's position. The court in that case considered RCW 5.60.060(2)(a), the attorney-client privilege statute. That statute does not expressly address the disclosure of records, but its entire focus is on the *confidentiality* of communications. Under RCW 5.60.060(2)(a), there is no question that attorney-client communications found in public records are exempt from any type of production. The PECBA does not involve the confidentiality of communications.

*PAWS* II is more similar to this case. There, the court considered RCW 4.24.580, an anti-harassment statute which allows animal researchers to obtain injunctive relief to protect against being harassed.[4] 125 Wn.2d at 263. The court held that this statute qualified as an "other statute" under the PRA. *Id.* at 262-63. The court stated that "researchers may seek to enjoin the release of certain portions of public records if the nondisclosure of those portions is necessary to prevent harassment as defined under the anti-harassment statute." *Id.* at 263. Specifically, the

---

[4] *PAWS* II also involved the Uniform Trade Secrets Act (UTSA), chapter 19.108 RCW, which contained provisions designed to protect the secrecy of trade secrets. 125 Wn.2d at 262. The court held that this statute also qualified as an "other statute" under the PRA. *Id.* at 262-63. Like the attorney-client privilege statute and unlike the PECBA, the UTSA clearly focuses on the confidentiality of certain records.

court held that the names of researchers and certain other information was exempt from PRA disclosure. *Id.* at 263-64.

The court in *Washington State Patrol* cited *PAWS* II for general "other statute" principles. 185 Wn.2d at 372. However, the court did not endorse the holding in *PAWS* II regarding the anti-harassment statute like it did for the cases discussed above. *See id.* at 375-77. To the extent that *PAWS* II is inconsistent with the holding in *Washington State Patrol* that a statute must expressly prohibit or exempt the release of records to qualify as an "other statute," *Washington State Patrol*'s holding controls.

SEIU also relies on the statement in *Washington State Patrol* that "when courts have found an 'other statute' exemption, they have also identified a legislative intent to protect a particular interest or value." 185 Wn.2d at 377-78. SEIU points out that the PECBA reflects the legislature's intent to protect a particular value – public employees' free exercise of their right to organize. But the court in *Washington State Patrol* did not identify a legislative interest as an independent basis for finding an "other statute" exemption. Instead, the court was noting that the statutes that *explicitly prevented the disclosure of certain information* – the court's test for finding an "other statute" exemption – were designed to protect a particular interest or value.

The PECBA is not concerned with the privacy or confidentiality of specific records or information, and it does not explicitly prohibit the release of records or information that would constitute an unfair labor practice. Accordingly, we hold that the PECBA does not provide an "other statute" exemption to the PRA under RCW 42.56.070(1).

No. 488817-II

CONCLUSION

We affirm the trial court's denial of SEIU's request for an injunction to prevent DSHS

from disclosing the records the Foundation requested.

MAXA, A.C.J.

We concur:

WORSWICK, J.

SUTTON, J.